UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANK RAMIREZ,　　　　　　　　　　　　　　　**FIRST AMENDED COMPLAINT**

　　　　　　　　　　　　　　　　　　　　　　　　　**15 CV 1589 (PAE)**
　　　　　　　　　　　　　　　　　　　　　　　　　**ECF Case**
　　　　　　Plaintiff,
　　vs.

The CITY OF NEW YORK,
NEW YORK CITY DETECTIVES
TARAH BARRETT, Shield 2277,
EMERITO DEJESUS, Shield 7309,
SEAN DRAIN, Shield 6915, and
SERGEANT JUAN ORTIZ, Shield 5606,
in their individual and official capacities,
　　　　　　　　　　　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**
　　　　　　Defendants.
-----------------------------------------------------------x

Plaintiff Frank Ramirez, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.   This civil rights action arises from the false arrest, strip search, and malicious prosecution of Frank Ramirez ("Plaintiff") at the hands of NYPD Narcotics Detectives, who baselessly suspected Plaintiff of being involved in a marijuana sale.  Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest and imprisonment, illegal strip search, malicious prosecution, and failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations.  Additionally, Plaintiff asserts analogous claims under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*.  Plaintiff seeks compensatory and

1

punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.   Plaintiff Frank Ramirez is a United States citizen and at all relevant times a resident of the City of New York, State of New York.

7.   The individually named defendants Detective Tarah Barrett (Shield # 2277) ("Det. Barrett"), Detective Emerito Dejesus (Shield # 7309) ("Det. Dejesus"), Detective

Sean Drain (Shield # 6915) ("Det. Drain"), and Sergeant Juan Ortiz (Shield # 5606) ("Sgt. Ortiz") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8.  On the date of the incident giving rise to this complaint, the individual defendants were assigned to the Narcotics Borough Manhattan South.

9.  Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident, being assigned Claim # 2014PI025165. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

12. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h, which hearing was held on October 29, 2014.

13. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

14. On June 12, 2014, around 6:30 PM, Plaintiff stood on the sidewalk in front of 252 10th Avenue in Manhattan, New York City. Plaintiff was waiting for David Paulino ("Mr. Paulino"), a good friend who is a mechanic, because Plaintiff had problems with his car and wanted Mr. Paulino's help.

15. While waiting for Mr. Paulino, Plaintiff saw an old friend, Raphael Ortiz ("Mr. Ortiz"), whom Plaintiff greeted and shook hands with. They spoke for about five minutes, then Mr. Ortiz had to leave and walked away. There was nothing suspicious or unlawful about this conversation.

16. Soon after Mr. Ortiz left, Mr. Paulino arrived. Plaintiff spoke with Mr. Paulino for about ten minutes, discussing the problems with Plaintiff's car. There was nothing suspicious or unlawful about this conversation.

17. At one point Mr. Paulino handed Plaintiff a piece of paper that had the serial number of the part needing to be replaced in Plaintiff's car. There was nothing unusual, suspicious, or illegal about that.

18. As Plaintiff and Mr. Paulino spoke, a group of NYPD Narcotics Officers in plain clothes – including the individual defendants: Det. Barrett, Det. Dejesus, Det. Drain, and Sgt. Ortiz – approached Plaintiff and commanded him to go inside London Grocery (a deli and news shop) at 252 10th Avenue.

19. Plaintiff, recognizing that these were law enforcement officers, complied with their order and went inside the store, followed by the individual defendants. Also taken inside were Mr. Paulino, Mr. Ortiz, and Roy Williams ("Mr. Williams"), an individual with whom Plaintiff had not interacted with or spoken to.

4

20. The individual defendants patted down Plaintiff and took his belongings, including his phone, car keys, and $272 in cash. The individual defendants later vouchered the $272 as "arrest evidence" (Invoice No. 1000509773).

21. Mr. Paulino, Mr. Ortiz, and Mr. Williams were also searched. Two small bags of marijuana were found inside Mr. Ortiz's pocket. Mr. Ortiz told the individual defendants it was for his "personal use."

22. The individual defendants let Mr. Paulino go but decided to charge Mr. Ortiz, Mr. Williams, and Plaintiff with a drug transaction.

23. Plaintiff was handcuffed behind his back and transported to a NYPD van, where he spent a few hours, in handcuffs, before being driven to the NYPD 6th Precinct ("the Precinct").

24. Inside the Precinct, Plaintiff was processed, fingerprinted, photographed, and locked in a holding cell.

25. Det. Dejesus and Det. Drain took Plaintiff to a private cell inside the Precinct and subjected Plaintiff to a degrading strip search, ordering Plaintiff to perform a series of dehumanizing acts with which Plaintiff had to comply.

26. Acting according to Det. Dejesus' and Det. Drain's orders, Plaintiff took off all his clothes, stood completely naked, and spread the cheeks of his buttocks to prove that no contraband was hidden therein.

27. At the scene of the arrest and in the Precinct, the individual defendants collectively concocted false and bogus charges against Plaintiff to justify their unlawful arrest. They worked together to draft false allegations and submit them to the New York County District Attorney.

28.     Plaintiff remained in the Precinct holding cells until around 2:00 AM on June 13, 2014.  He was then transported to Central Booking in lower Manhattan, 100 Centre Street, where he was further processed and caged in a series of cells.

29.     In the late evening of June 13, 2014, Plaintiff was arraigned in New York County Criminal Court ("Court") on Docket Number 2014NY045709, charging him with one count of Criminal Sale of Marijuana in the fourth degree, in violation of New York Penal Law Section 221.40.

30.     The Criminal Court Complaint ("the Complaint") consisted of Det. Barrett's false allegations purporting to establish that Plaintiff, acting with Mr. Williams (his codefendant), "sold marijuana" on "June 12, 2014 at about 6:48 PM, in front of 252 10 Avenue in the County and State of New York."

31.     Specifically in the Complaint, Det. Barrett falsely states:  "I observed separately charged defendant Raphael Ortiz, #M14652719, engage in conversation with the defendants at the above-described location.  I observed defendant Ortiz hand defendant Williams money.  I then observed defendant Williams hand that money to defendant Ramirez.  I then observed defendant Ramirez hand a small object to defendant Ortiz.  I then observed defendant Ortiz walk quickly away from the location.  I took two clear bags containing marijuana from separately charged defendant Ortiz's sweatpants pocket."

32.     The Judge at his arraignment released Plaintiff on his own recognizance, ending over 24-hours of unjust incarceration.  The prosecution would continue, however, and Plaintiff was ordered to return to Court, Part B, on June 27, 2014.

6

33. Plaintiff attended Court on five dates – June 27, September 16, and November 12, 2014; and January 6, and February 17, 2015 – before his case was finally dismissed for failure to prosecute, pursuant to New York Criminal Procedure Law ("CPL") Section 30.30.

34. Mr. Williams' case was also dismissed pursuant to CPL Section 30.30, while Mr. Ortiz pled guilty to unlawful possession of marijuana. These outcomes are consistent with the truth that only Mr. Ortiz possessed marijuana.

35. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

36. There is a systemic failure to identify, discipline, and supervise NYPD officers and detectives who fabricate charges, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

37. The NYPD's flaccid response to lying officers and detectives – particularly in the context of filing false charges – constitutes an irrational custom and policy that fosters a culture of mendacity in the NYPD.

38. Proportionate and appropriate discipline sends a message to NYPD employees that they are not above the law and are accountable to the people whom they serve. But when it comes to making false statements on court documents, NYPD officers and detectives virtually never face serious discipline.

39. The Civilian Complaint Review Board ("CCRB") has no jurisdiction to investigate allegations of fabricated statements by NYPD officers in criminal court

documents. Investigating, controlling, and punishing this type of wrongdoing is the responsibility of the NYPD.

40. The inadequacy of NYPD's supervision and discipline with respect to dishonesty in the filing of criminal charges is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested and charged.

41. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

> a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;
>
> b. Severe emotional trauma, distress, degradation, and suffering;

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

42. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

44. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under Section 1983

47. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

48. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free of false arrest.

49. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Illegal Strip Search Under Section 1983

51. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

52. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free of unlawful searches of his person.

53. The strip search of Plaintiff – an extreme invasion of privacy and bodily dignity – took place without probable cause to arrest Plaintiff, and without probable cause to believe that a weapon or contraband was secreted in his anus.

54. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Malicious Prosecution Under Section 1983

55. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

56. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

57. Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt, providing a mendacious complaint to the New York County District Attorney.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60.   Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

61.   The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

62.   As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

### Municipal Liability Under Section 1983

63.   Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64.   By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of false arrest, excessive force, and illegal abuse through its failure to train, supervise, and discipline mendacious and malicious officers; and through its fostering a culture of abuse and dishonesty among those who wield considerable power over the lives of everyday citizens.

65.   As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

### FIRST CLAIM

### False Imprisonment under N.Y. State Law

66. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

67. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged .

## SECOND CLAIM

**Unreasonable Search and Seizure Under New York State Constitution Art. I § 12**

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

70. Article 1, Section 12, of the New York State Constitution declares the right to be free from unreasonable searches and seizures.

71. Without probable cause and without Plaintiff's consent, the individual defendants arrested Plaintiff, searched his person, took his property, confined him, and initiated false charges against him.

72. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

**Malicious Prosecution Under N.Y. State Law**

73. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

74. As detailed above, the individual defendants intentionally and with actual malice initiated a felony prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

75. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)**

76. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

77. Defendant City owed a duty of care to Plaintiff to prevent the false arrest, malicious prosecution, and mental and emotional abuse sustained by Plaintiff.

78. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

79. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

80. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

81. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

**Respondeat Superior Under N.Y. State Law**

82. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

83. Defendant City is the employer of the individual defendants.

84. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the false imprisonment, malicious prosecution, and unreasonable search and seizure committed by the individual defendants against Plaintiff.

85. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

   a. An order awarding compensatory damages for Plaintiff Frank Ramirez in an amount to be determined at trial;

   b. An order awarding punitive damages in an amount to be determined at trial;

   c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

   d. Such other and further relief as this Court may deem appropriate.

DATED:   June 17, 2015                   _____s/_____
         New York, New York              CYRUS JOUBIN, ESQ.
                                         88 Pine Street, 14th Floor
                                         New York, NY 10005
                                         (703) 851-2467
                                         joubinlaw@gmail.com
                                         Attorney for Frank Ramirez